```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       COOKEVILLE DIVISION
```

TANNA MARIA SHEPHERD,            )
                                 )
        Plaintiff                )
                                 )       No. 2:18-0023
v.                               )       Chief Judge Sharp/Brown
                                 )       **Jury Demand**
GARY NICHOLAS GILLILAN,          )
et al.,                          )
                                 )
        Defendants               )

**TO:   THE HONORABLE WAVERLY D. CRENSHAW, JR.,
        Chief United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge **RECOMMENDS** that this case be **DISMISSED** under F.R.C.P. 41 for failure to comply with Court orders and for failure to prosecute.

### BACKGROUND

The complaint against the defendants was filed on February 22, 2018, by the plaintiff with the assistance of counsel (Docket Entry 1). The case was subsequently referred to the under signed Magistrate Judge for case management (Docket Entry 4), and finally for a Report and Recommendation (Docket Entry 19) on the defendants' pending motion to dismiss (Docket Entry 16).

The theories of the parties are contained in the initial case management order (Docket Entry 12). The plaintiff alleges that the various defendants violated her constitutional rights under 42 U.S.C. § 1983, on February 22, 2017, by unlawfully seizing her from her residence without the benefit of an arrest or search warrant, and using excessive force in such seizure.

The defendants' theory is that the Officers attempted to serve an arrest warrant on the plaintiff's daughter. The plaintiff became agitated and came out of her house and assaulted defendant Gillilan. The plaintiff was then arrested and charged with assault. The defendant Gillilan denies using excessive force and claims qualified immunity as to the claims against him in his individual capacity. The Sheriff, in his official capacity, denies that there is any custom, policy or procedure at the Smith County Sheriff's Department to hold them liable for the alleged injuries.

The scheduling order provided that by June 14, 2018, the parties would submit a joint report confirming their first attempt in good faith to resolve the case. An updated report was to be filed by October 19, 2018. Discovery in the matter was to be completed by December 21, 2018. In order to check case progress, a case management conference was set by telephone to occur at 11:00 a.m. on September 24, 2018 (Docket Entry 12).

In a notice to the Court (Docket Entry 14) dated June 26, 2018, defendants' counsel notified the Court that she had been unable to secure any response from plaintiff's counsel regarding mediation.

At the time for the scheduled telephone conference call on September 24, 2018, the plaintiff's counsel did not call in and counsel for the defendants advised that they had been unable to contact plaintiff's counsel to confer about filing a joint statement prior to the conference. Efforts to contact plaintiff's

counsel by the Magistrate Judge's office were not successful. Counsel for the defendants advised that discovery requests had been transmitted to the plaintiff in early June but responses had not be received. Additionally, defendants' counsel advised that the plaintiff's initial disclosures were provided late.

Counsel for plaintiff was directed to file an explanation with the Court by October 9, 2018, why she failed to file a joint statement and attend the conference call. She was further directed to file complete responses to the discovery requests without objection by that same date. She was specifically warned that failure to comply with Court orders and discovery obligations could result in sanctions including dismissal of the case (Docket Entry 15).

On October 10, 2018, the defendants' filed a motion to dismiss for failure to comply with Court orders and for failure to prosecute (Docket Entry 16). This motion was supported by affidavit of defendants' counsel Robyn Williams showing emails to plaintiff's counsel attempting to get her to do something in the case (Docket Entry 17). The affidavit sets forth the history of the case, noting that plaintiff's counsel was 1½ hours late for the initial case management conference, and that despite the case management order providing a deadline of June 6, 2018, for initial disclosures, they were not provided on that date. On June 19, 2018, Ms. Williams emailed plaintiff's counsel to inquire about the disclosures and again received no response. On June 26, 2018, Ms. Williams states

that on June 26, 2018, she called plaintiff's counsel and spoke to her briefly. Despite plaintiff's counsel (Ms. Porth) saying she would call back within 20 minutes, she did not, and she could not be reached when Ms. Williams attempted to call her later. Ms. Williams did speak to Ms. Porth the next day on June 27, 2018, and was promised the disclosures shortly. When they were not received, a letter was sent to Ms. Porth on July 16, 2018, in an attempt to meet and confer. In this letter, co-counsel for the defendants, Ms. Crane, inquired about slightly overdue discovery responses. Ms. Crane spoke to Ms. Porth on July 20, 2018, and again was promised responses shortly. The Rule 26 initial disclosures were received on July 24, 2018, but with no discovery responses. On August 1, 2018, Ms. Porth was again contacted about the delinquent discovery requests but no response was received to that request or to the September 19, 2018, request for a meet and confer. As of the date of this Report and Recommendation, plaintiff's counsel has failed to respond to the Court's order of September 24, 2018, to explain why she missed the telephone call. Likewise, as of the date of this Report and Recommendation, Ms. Port has failed to respond to the motion to dismiss (Docket Entry 16).

## LEGAL ANALYSIS

An action is subject to dismissal for want of prosecution where a litigant fails to comply with the Court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); **see**

also **Pilgrim v. Littlefield**, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power even to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

In this case, the plaintiff has been given several opportunities to correct the matter, and despite a show cause order and the motion to dismiss, has failed to even respond to either.

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case, the plaintiff was given a specific scheduling order (Docket Entry 12), which she failed to follow by failing to provide timely initial disclosures and by failing to participate, without explanation, in a case management conference on September 24, 2018 (Docket Entry 15). Despite being given a specific direction to file an explanation with the Court for her failure to attend by October 9, 2018, counsel failed to do anything. Additionally, plaintiff's counsel failed to comply with the October 9, 2018, deadline to provide discovery responses.

5

Compounding the total failure of plaintiff's counsel to comply with Court orders, following a motion to dismiss (Docket Entry 16) filed on October 10, 2018, setting out all of the various failures to comply, plaintiff's counsel has failed to file any response.

By the Court's issuance of a show cause order and by the defendants' motion to dismiss, the plaintiff has had ample opportunity to correct the situation without the Magistrate Judge having to recommend the drastic action of dismissal.

The defendants are obviously prejudices by the lack of responses to their discovery requests, and by plaintiff's counsel's apparent total lack of responsibility in responding to correspondence or Court orders.

Under these circumstances, the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases to resolution. The plaintiff has failed to respond to the show cause order and to a motion to dismiss. Applying the *Tetro* requirements, it is apparent that (1) plaintiff's counsel has failed to cooperate and that the lack of cooperation is due to willfulness, bad faith, or fault; (2) the defendants are prejudiced by the dilatory conduct of the plaintiff; and (3) the plaintiff has been warned repeatedly that failure to comply with the scheduling order and the Court's order could lead to dismissal.

The Magistrate Judge will take a less drastic measure of recommending dismissal without prejudice.[1]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that this case be **DISMISSED** without prejudice for failure to obey Court order and to prosecute.

Given the egregious lack of attention to this case by plaintiff's counsel, the Magistrate Judge further **RECOMMENDS** that a copy of any order approving this Report and Recommendation be forwarded to the Tennessee Board of Professional Responsibility for such action, if any, they deem appropriate.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of January, 2019.

---

[1] Although the dismissal may be without prejudice, given the fact that the complaint was literally filed on the last day of the statute of limitations, it is likely that any attempt to reinstate the case would be barred by the statute of limitations.

7

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge